IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

JAN 2 3 2014

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

| | | |
|---|---|---|
| MAHMOOD KHIMJI, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-101-P (BF) |
| | § | |
| WAYNE M. CRAIG, | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), and orders of reference from the District Court, various motions in the above-entitled cause have been referred to the United States Magistrate Judge. Before the Court is (1) Defendant Wayne M. Craig's ("Defendant") Motion for Sanctions against Mahmood Khimji and Plaintiff's Counsel (doc. 47, "Motion for Sanctions"), filed on September 10, 2013, and (2) Plaintiff Mahmood Khimji's ("Plaintiff") Fifth Motion for Sanctions (doc. 48), filed on September 12, 2013. The Court held a hearing on these motions on Monday, January 6, 2014. Attorney of record, Bernard Zwillenberg, appeared on behalf of Plaintiff, however, Defendant, proceeding *pro se,* failed to appear. For the following reasons, the Court recommends that the District Court **GRANT** Plaintiff's Fifth Motion for Sanctions and **DENY** Defendant's Motion for Sanctions.

## Background

Plaintiff filed this civil action on January 11, 2012, alleging common law fraud, fraud by nondisclosure, fraudulent inducement, negligent misrepresentation, negligence, and violation of the Texas Deceptive Trade Practices Act. (Pl.'s Compl. ¶¶ 17-47.) Plaintiff's lawsuit stems from a Motor Vehicle Services Contract that he entered into with Defendant on July 8, 2010, for the purchase of

a 2007 Mercedes S 600V. (*Id.* at ¶ 9.) Subsequent to his purchase, the vehicle needed repairs for damages which Plaintiff avers should have been covered under the extended warranty he purchased. (*Id.* at ¶¶ 10-16.) However, when Plaintiff requested Defendant to pay for the repairs to his vehicle, Defendant refused. (*Id.* at ¶ 13.) Accordingly, Plaintiff brought the instant action seeking damages and attorney's fees. (*Id.* at ¶¶ 48-49.)

After obtaining a default judgment (doc. 11) against defendants, Genuine Warranty Solutions, Inc. and Warranties 4 Wheels, for their failure to obtain counsel and to obey the District Court's orders, Plaintiff sought to take the deposition of Defendant. On April 15, 2013, Defendant filed his first motion to quash his deposition (doc. 16) citing lack of funds as his reason for not being able to attend. However, on May 9, 2013, this Court denied his motion (doc. 21) because Defendant failed to provide any legal basis upon which the Court could quash his deposition. Additionally, the Court ordered that the deposition of Defendant should either proceed on May 13, 2013, or be taken by June 8, 2013, at the latest, and the Court denied Plaintiff's request for sanctions. No such deposition occurred. Accordingly, Plaintiff filed a motion for sanctions (doc. 23), which was denied by the District Court (doc. 34), however, Defendant was "explicitly warned that failure to comply with this Court's orders, or any future discovery orders or deadlines, may result in imposition of available sanctions, including imposition of default judgment."

On June 27, 2013, this Court granted Plaintiff's motion to quash his own deposition (doc. 31) which was scheduled for July 1, 2013, in Avondale, Arizona. The Court explained that if Defendant wanted to depose Plaintiff then he must do so in the forum jurisdiction in Dallas, Texas. The Court also noted that Defendant's deposition had still not taken place and, thus, ordered Defendant's deposition to be scheduled in Dallas, Texas on the same date as Plaintiff's. No

2

depositions took place. On August 5, 2013, Defendant filed another motion to quash his deposition (doc. 35), again contending that he could not financially afford to attend the deposition in Dallas, Texas, but failing to provide any reason for why he was unavailable on the scheduled date. Additionally, in his motion, Defendant stated that he would only participate telephonically in his deposition, essentially refusing to comply with the prior orders of this Court. Subsequently, Plaintiff filed his own motion to quash, seeking to quash Defendant's notice of intent to take Plaintiff's deposition telephonically, arguing that such notice was a direct violation of this Court's previous order that the deposition take place in Dallas, Texas. On August 23, 2013, this Court entered an order (doc. 45) denying Defendant's motion to quash his deposition and granting Plaintiff's motion to quash his telephonic deposition but, again, the Court denied Plaintiff's request for sanctions. In that order, the Court reiterated that it stood by its prior decision to conduct both Plaintiff and Defendant's depositions in Dallas, Texas. The Court ordered Defendant's deposition to proceed as scheduled on August 28, 2013, and the Court warned Defendant that his failure to appear at the deposition would result in this Court recommending that the District Court sanction him accordingly. No depositions occurred. Accordingly, Plaintiff filed his Fifth Motion for Sanctions on September 10, 2013, which is presently before this Court, and Defendant also filed his Motion for Sanctions on the same date. After providing adequate time for responses and replies, the Court held a hearing on the two motions on January 6, 2014. However, after having been specifically ordered to appear in person twice by the Court, Defendant still failed to appear. (*See* Doc. 51, "Defendant Wayne M. Craig is **ORDERED TO APPEAR IN PERSON**."; Doc. 57, "**DEFENDANT IS ORDERED TO APPEAR** in person at the hearing.")

3

## Standard of Review

Under the federal rules:

> The court where the action is pending may, on motion, order sanctions if:
>
> (i)     a party . . . fails, after being served with proper notice, to appear for that person's deposition.

FED. R. CIV. P. 37(d)(1)(A). In addition:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule . . . 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> * * * *
>
> (vi)     rendering a default judgment against the disobedient party[.]

FED. R. CIV. P. 37(b)(2)(A). Finally, Rule 16(f) authorizes the court to issue "any just orders," including an order rendering a default judgment, for failure to obey a scheduling or other pretrial order. *See* FED. R. CIV. P. 16(f)(1) (citing FED. R. CIV. P. 37(b)(2)(A)(ii)-(vii)). The entry of a default judgment is an extreme sanction that should be imposed only "in the face of a clear record of delay or contumacious conduct by the [party]." *SEC v. First Houston Capital Resources Fund, Inc.*, 979 F.2d 380, 382 (5th Cir. 1992) (quoting *Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967)). The court cannot default an offending party "unless [it] first finds that a lesser sanction would not have served the interests of justice." *Id.* (quoting *McNeal v. Papasan*, 842 F.2d 787, 793 (5th Cir. 1988)).

4

**Analysis**

The record in this case documents a clear history of delay and contumacious conduct by Defendant. Defendant failed to appear for his duly noticed depositions on May 13, 2013, and August 28, 2013, after being specifically ordered to appear by this Court. Additionally, Defendant also failed to appear for a motion hearing scheduled for January 6, 2014, again, after being specifically ordered to appear in person. Defendant has been warned by both the District Court and this Court that his repeated failure to obey discovery orders and orders of the court may result in sanctions being imposed against him, including a default judgment. Moreover, this Court warned Defendant that failure to appear for his August 28, 2013 deposition would result in a recommendation that the District Court sanction him. Nonetheless, Defendant has displayed a clear lack of regard for the Court by informing the Court that he will not attend a deposition in Dallas, Texas, but will only appear for a deposition telephonically. (*See* Doc. 35; *see also* Doc. 53, "regardless of the repercussions or consequences, Defendant Wayne M. Craig is unable and cannot attend the hearing in person in Dallas, Texas, due to physical infirmities.") In addition to "physical infirmities," Defendant has also repeatedly claimed that he lacks the financial resources to attend a deposition in Dallas, Texas. However, other than these conclusory assertions, Defendant has failed to submit any evidence which would support his plea of poverty or any physical ailments.

Defendant's failure to appear for his depositions and this Court's January 6, 2014 hearing, as well as his blatant disregard for the Court's orders, justifies the imposition of extreme sanctions. *See Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir. 1986) (dismissal warranted where plaintiff failed to attend pretrial conference after judge warned that he had "one last opportunity" to comply with court's orders)*; DirecTV, Inc. v. Mendes*, No. 3-03-CV-1102-P, 2004 WL 733199, at *2 (N.D.

Tex. Apr. 2, 2004), *rec. adopted*, 2004 WL 1873039 (N.D. Tex. Aug. 18, 2004) (finding default judgment an appropriate sanction where defendant failed to appear for a status conference and a show cause hearing); *Simpson v. Rodriguez*, No. 3-07-CV-1276-M, 2008 WL 2780976, at *3 (N.D. Tex. Jul. 11, 2008) (interlocutory default judgment entered against defendant for failure to appear for two noticed depositions and ignoring an order requiring him to attend a show cause hearing); *Gohe v. Seven Eleven*, No. 3-05-CV-2198-B, 2006 WL 1152682, at *2 (N.D. Tex. Apr. 10, 2006), *rec. adopted*, 2006 WL 1154778 (N.D. Tex. May 2, 2006) (case dismissed where plaintiff failed to appear for noticed deposition and show cause hearing); *Gonzales v. HT&T Architects, Inc.*, No. 3-98-CV-0190-BDH, 1998 WL 574381, at *2 (N.D. Tex. Aug. 31, 1998) (finding the extreme sanction of a default judgment warranted because defendant failed to comply with two court orders to obtain counsel and appear at a conference despite being warned about the imposition of sanctions).

The Court has considered alternate sanctions. However, lesser sanctions would not serve the interests of justice or advance the disposition of this action on the merits. Defendant clearly refuses to comply with any of the Court's orders despite being afforded repeated opportunities to do so. Because of Defendant's misconduct, discovery has been delayed significantly and Plaintiff has had to file five motions for sanctions, four of which have been previously denied. Under these circumstances, the Court has no alternative but to recommend an entry of default judgment against Defendant on the issue of liability.

## Recommendation

The Court recommends that the District Court **GRANT** Plaintiff's Fifth Motion for Sanctions (doc. 48), including his request for attorney's fees in the amount of $8,950.78. *See* FED. R. CIV. P. 37(b)(2)(C) (authorizing payment of reasonable attorney's fees by disobedient party in addition to

other sanctions). Additionally, the Court recommends that the District Court **DENY** Defendant's

Motion for Sanctions (doc. 47), as it lacks merit.

A default judgment should be entered against Defendant on the issue of liability and Plaintiff

should be ordered to submit evidence on the issue of damages and move for the entry of a final

default judgment within 10 days after this recommendation is adopted by the District Court.

**SO RECOMMENDED**, January 23, 2014.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).